**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

STEVEN LOCKWOOD, #674964

                Petitioner,              Case Number: 2:11-CV-10438
                                            HONORABLE NANCY G. EDMUNDS

v.

PAUL KLEE,

                Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS**
**CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Steven Lockwood has filed a petition for a writ of habeas corpus pursuant

to 28 U.S.C. § 2254.  Petitioner, who is in the custody of the Michigan Department of

Corrections, challenges his conviction for third-degree criminal sexual conduct.  He seeks

habeas relief on the grounds that the prosecution was improperly permitted to amend its

witness list, he received ineffective assistance of counsel, and the prosecutor suppressed

exculpatory evidence.  Respondent argues that one of Petitioner's claims is unexhausted and

that all of the claims are meritless.  The Court finds Petitioner's claims meritless and denies

habeas relief.

**I.  Facts**

Petitioner's conviction arises from the sexual assault of KF on the evening of June 2,

2007.  KF was the girlfriend of Petitioner's brother, Jason Lockwood.  She testified that, on

June 1, 2007, she, Petitioner and Jason congregated at Jason and Petitioner's mother's house.

They drank all evening to the point where KF vomited.  She then drank more with Jason,

Petitioner, and three other men.  Eventually, she went to the living room and fell asleep on the couch.  Sometime later, she awakened to find Petitioner assaulting her.  She testified that he penetrated her vaginally.  She shoved him off, hollered at him, and he exited the house. KF went into the garage, where she sat with Jason and Brian Robinson.  She told them about Petitioner's assault.  KF then confronted Petitioner, who denied the assault and called her a "whore."  Jason punched Petitioner, who contacted police.

KF was transported to a local hospital, where a rape kit was obtained.  Kathy Fox, a forensic scientist with the Michigan State Police performed tests on the specimens in the rape kit.  She testified that she found no sperm cells or pre-ejaculate material.

In October 2007, Petitioner went to KF's house.  He did not enter the house, but remained on the front lawn despite KF's repeated requests that he leave.  KF's step-daughter stated, "[Y]ou wouldn't have problems going to peoples' homes if you did not rape people." Tr., 4/29/08 at 153.  Petitioner replied, "If your mother wasn't such a whore then she would not get her ass raped."  *Id.*  KF's fourteen-year-old neighbor confirmed that Petitioner made the preceding comment.

## II.  Procedural History

Petitioner was convicted by a jury in Shiawassee Circuit Court of third-degree criminal sexual conduct.  On June 23, 2008, he was sentenced to 51 months to 15 years in prison.

Petitioner filed an appeal of right in the Michigan Court of Appeals.  He raised these claims through counsel and in a pro per supplemental brief:

2

I.      The trial court erred by allowing the prosecutor to amend the witness list, and the defendant was prejudiced by that error where the witness testified to a highly inflammatory subsequent statement by defendant that was not directly relevant to the crime charged; the error was not harmless where the remaining witnesses who testified similarly did so based upon improper hearsay within hearsay.

II.     Defendant was denied his constitutional right to the effective assistance of counsel when his lawyer failed to object to the prosecutor's improper remarks to the jury.

III.    Defendant was denied the assistance of counsel when the trial court refused to grant a continuance.

IV.     Defendant was denied due process when the prosecutor suppressed exculpatory evidence.

The Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Lockwood*, No. 287085, 2010 WL 376790 (Mich. Ct. App. Feb. 2, 2010).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court. He raised the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal, *People v. Lockwood*, 487 Mich. 854 (2010), and denied a motion for reconsideration. *People v. Lockwood*, 488 Mich. 951 (2010).

Petitioner then filed the pending habeas petition. He raises these claims:

I.      Petitioner was denied due process when the state court abused its discretion by permitting the prosecution to amend its witness list before trial.

II.     A.      Petitioner's trial attorney was ineffective for failing to object during the prosecution's closing argument.

        B.      Petitioner's right to due process was violated when the prosecutor argued the victim was credible because her version of the events was corroborated by the other witnesses, her demeanor and her lack of motive to falsely accuse Petitioner. Petitioner's right to due process

3

was further violated when the prosecutor argued that Petitioner lied to the police about being assaulted by the victim because the other witnesses testified that Petitioner's brother, the victim's boyfriend, assaulted Petitioner.

III.    Petitioner was deprived of his right to effective assistance of counsel by the state trial court's failure to grant an adjournment.

IV.    Petitioner's right to due process was violated the prosecutor deliberately suppressed exculpatory evidence by failing to test his clothing and the victim's underwear for the presence of biological material.

## III.  Standard

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104–132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering an application for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003).  As amended, 28 U.S.C. § 2254(d) permits a federal court to issue the writ only if the state court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or it amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)-(2); *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir.1998).  Under that review standard, mere error by the state court does not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520–21 (*quoting Williams v. Taylor*, 529 U.S. 362, 409 (2000) (internal quotes omitted)). Additionally, this Court must presume the correctness of

4

state court factual determinations. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir.1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous").

The Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases....

> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405–06.

The Supreme Court has held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409. The Court has explained that an unreasonable application of federal law is different from an incorrect application of federal law. Under that language, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the

prisoner's case." *Williams*, 529 U.S. at 413. The Supreme Court has continued to emphasize the limited nature of this review. In its recent unanimous decision in *Harrington v. Richter*, 562 U.S. —, 131 S.Ct. 770 (2011), the Court reiterated that the AEDPA requires federal habeas courts to review state court decisions with "deference and latitude," and "[a] state court's determination that a claim lacks merit precludes habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* at 785–86 (*quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

The distinction between mere error and an objectively unreasonable application of Supreme Court precedent creates a substantially higher threshold for obtaining relief than de novo review. The AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be "given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, —, 130 S.Ct. 1855, 1862 (2010). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, — U.S. —, 131 S.Ct. 1388, 1398, (2011).

## IV.  Discussion

### A.  Amendment of Witness List

Petitioner argues that the trial court violated his right to due process by allowing the late endorsement of two prosecution witnesses, Steve Palmer and Tia Bussa. Respondent argues that this claim is unexhausted and meritless. It appears that Petitioner raised this claim only as a state-law issue on direct review and that the federal component is unexhausted. The Court, nevertheless, exercises its discretion and addresses the merits of

6

2:11-cv-10438-NGE-MAR   Doc # 8   Filed 07/24/13   Pg 7 of 16   Pg ID 746

this unexhausted claim. *Cain v. Redman*, 947 F.2d 817, 820 (6th Cir.1991), cert. denied, 503 U.S. 922 (1992) (holding that the doctrine of exhaustion raises only federal-state comity concerns and is not a jurisdictional limitation of the power of the court).

There is no general constitutional right to discovery in a criminal case. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Therefore, "a decision regarding the endorsement of a witness generally constitutes a state law matter within the trial court's discretion." *Warlick v. Romanowski*, 367 F. App'x 634, 643 (6th Cir. 2010). For such a ruling to violate due process, it must be "'so egregious that it results in a denial of fundamental fairness.'" *Id. quoting Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).

Here, the prosecutor moved to endorse two witnesses on April 4, 2008, the same day the prosecutor became aware of these witnesses. The trial court granted the motion in a hearing on April 21, 2008 and trial commenced on April 29, 2008. The Michigan Court of Appeals held that the trial court properly granted the motion because the prosecutor had no actual knowledge of the two late witnesses at the time the original witness list was compiled and submitted. *Lockwood*, 2010 WL 376970 at *1. In addition, the state court held that Petitioner was not unfairly prejudiced by the late endorsement because the trial court granted the motion on the condition that the prosecution assist in making the witnesses available to Petitioner prior to trial and allowed that defense counsel could renew a motion for continuance if after several days counsel felt unprepared for trial. *Id.* Counsel did not move for a continuance. Based on these factors, the Michigan Court of Appeals held that Petitioner was not prejudiced by the late endorsement.

7

For the reasons explained by the Michigan Court of Appeals, the Court finds that the trial court's evidentiary ruling was not so egregious as to result in the denial of fundamental fairness.

## B.  Ineffective Assistance of Counsel Claim

Petitioner argues that his attorney was ineffective in failing to object to the prosecutor's closing argument because the prosecutor improperly argued that Petitioner admitted his guilt and improperly vouched for the victim's credibility.

To establish that he received ineffective assistance of counsel, a petitioner must show, first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the petitioner.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner may show that counsel's performance was deficient by establishing that counsel's performance was "outside the wide range of professionally competent assistance." *Id.* at 689.  This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."  *Id.* at 687.  "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  *Id.* at 689.

To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine

confidence in the outcome." *Id.* at 694.  A court's review of counsel's performance must be "highly deferential." *Id.* at 689.

Habeas relief may be granted only if the state-court decision unreasonably applied the standard for evaluating ineffective-assistance-of-counsel claims established by *Strickland*. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009).  "The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Id.* at 123 (internal quotation omitted).

First, Petitioner argues that counsel should have objected to the following comment during the prosecutor's closing argument:

> Let me just start with ... this quote: "If your mother wasn't such a whore [,] people wouldn't try to rape her." He admitted it. He admitted it.

*Lockwood*, 2010 WL 376790 at *2.

"[P]rosecutors can argue the record, highlight the inconsistencies or inadequacies of the defense, and forcefully assert reasonable inferences from the evidence." *Bates v. Bell*, 402 F.3d 635, 646 (6th Cir. 2005).  The Michigan Court of Appeals held that that is what the prosecutor did in this case, reasoning, in relevant part:

> Here, the prosecutor was not making any statements of fact that were unsupported by the record; instead, she was arguing that defendant's statement could be interpreted as an admission to the rape.  The fact that the statement could have been interpreted simply as a mean-spirited comment, and not an admission of guilt, does not somehow make the prosecutor's argument invalid or improper.  It is important to note that the prosecutor did not alter defendant's statement or conceal it from the jury during closing arguments. The prosecutor quoted the actual statement and then argued what she thought

9

it meant.  This comment was not improper, and counsel's failure to make a meritless objection does not constitute ineffective assistance of counsel.

*Lockwood*, 2010 WL 376790 at *2.

The rejection of this claim by the Michigan Court of Appeals is neither contrary to, nor an unreasonable application of, Supreme Court precedent or federal law.  Petitioner is unable to overcome the strong presumption that counsel rendered adequate assistance and "made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.  The prosecutor's comment was a reasonable interpretation of the evidence presented.  Therefore, habeas relief is denied.

Next, Petitioner claims that counsel was ineffective for failing to object to the prosecutor's arguments which, Petitioner claims, bolstered the credibility of the victim and impugned the credibility of the defendant.  Petitioner objects to the following arguments:

> Now think about it.  If [the victim is] this liar it just doesn't fit.  They're all getting along great and playing cards, and this is her boyfriend's little brother, and there's nothing wrong, no fights, no argument, and Defense wants you to believe that she somehow went and just came up with this hair brain idea that he did this to her, to put herself through all this!  For what? For what even remote plausible reason would she go in and all of a sudden come up with this story?  She didn't.  They all say she went in a fine mood, presumably not feeling well, presumably needs to lay down.  Comes out upset.  They know her, they say, 'What's wrong? What's wrong?'  She did not come through the door screaming rape.  She's clearly upset.  They have to pry it out of her.  Think about it.  This is reasonable...."

*Lockwood*, 2010 WL 376790 at *3 n.3.

He also objects to the prosecutor's argument that Petitioner "had every reason in the world to lie" to police.  *Id.* 2010 WL 376790 at *3.

10

Prosecutors may not vouch for a witness's credibility. Prosecutorial vouching and an expression of personal opinion regarding the accused's guilt "pose two dangers: such comments can convey the impression that evidence not presented to the jury, but known to the prosecutor, supports the charges against the defendant and can thus jeopardize the defendant's right to be tried solely on the basis of the evidence presented to the jury; and the prosecutor's opinion carries with it the imprimatur of the Government and may induce the jury to trust the Government's judgment rather than its own view of the evidence." *United States v. Young*, 470 U.S. 1, 18-19 (1985).

In this case, the Michigan Court of Appeals found no improper vouching, reasoning that the prosecutor's argument was not improper because she did not imply any special knowledge unknown to the jury. She simply argued that nothing in the evidence presented suggested that the victim would have any motivation to lie, but that Petitioner would have a motive to lie, to exonerate himself. *Id. at *3.*

The Court agrees with the state court's assessment of the prosecutor's remarks. The prosecutor's arguments simply explored the victim's and Petitioner's motives for testifying and how forthcoming they were. She did not imply any special knowledge about the witnesses' veracity. Her argument was not improper. Accordingly, the Court also finds reasonable the state court's conclusion that counsel was not ineffective for failing to object to the prosecutor's arguments.

## C. Trial Court's Denial of Request for Continuance

Petitioner argues that the trial court denied him his right to the effective assistance of

11

counsel by denying his attorney's request for a continuance.  Defense counsel requested a continuance eight days before trial was scheduled to commence based upon the prosecutor's late addition of two witnesses and that defense counsel was awaiting further discovery from the prosecutor.  The trial court denied the motion and directed defense counsel to continue to prepare.  The trial court further advised defense counsel to contact chambers if, at the end of the week, he had not received the discovery material or been afforded access to the newly added witnesses.

A trial court's denial of a continuance rises to the level of a constitutional violation only where there is "an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay.'" *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983) (*quoting Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)),  "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process.  The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied."  *Ungar*, 376 U.S. at 589.  To obtain habeas relief, it is not sufficient for the petitioner to show that the trial court arbitrarily denied the continuance request; he "must also show that the denial of a continuance actually prejudiced his . . . defense."  *Burton v. Renico*, 391 F.3d 764, 772 (6th Cir. 2004).  "Actual prejudice may be demonstrated by showing that additional time would have made relevant witnesses available or otherwise benefitted the defense."  *Powell v. Collins*, 332 F.3d 376, 396 (6th Cir. 2003).

The Michigan Court of Appeals denied this claim, holding:

12

First, defendant failed to show how the trial court abused its discretion by employing "an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." Eight days before trial, the trial court denied the request for a continuance. The court stated that it was denying the request with the understanding that (1) the endorsed witnesses would be made available to defendant for interview before trial and (2) all other items, such as medical records, were to be handed over by the prosecutor to defendant that very same day. It also appears that the trial judge thought the eight days should be enough for defense counsel to prepare for this new evidence in advance of trial. A reading of the record reveals that the trial judge thought an adjournment at that time would simply have been premature. In fact, both the trial judge and defense counsel indicated that if it later became apparent that defense counsel truly required more time to prepare, then a continuance would be granted at that time[.]

* * *

The trial court's deliberative process cannot be categorized as unreasonable or arbitrary.  Rather, it appears to be a very reasoned approach to defendant's particular situation.  The decision of the trial court to proceed as scheduled, with the caveat that the issue would be revisited if defense counsel later indicated more time was needed, was reasonable and principled and not an abuse of discretion.

Second, defendant failed to show how he was prejudiced by the trial court's refusal to grant the continuance.  As noted, *supra*, defense counsel indicated that he would inform the trial court, closer to trial, if additional preparation time was necessary.  No such notification was made.  Therefore, it is apparent that defense counsel thought he had adequate time to prepare.  Moreover, defendant cannot identify, with any particularity, how he was prejudiced. Defendant relies on the generalization that defense counsel was not able to "adequately investigate," which prevented him from "interview[ing] witnesses and pursu[ing] exculpatory evidence." Defendant, however, does not say what defense counsel would have uncovered with any additional time.  Therefore, defendant failed to show any prejudice resulting from the trial court's denial of the request for a continuance, and his claim fails.

*Lockwood*, 2010 WL 376790 at *3-4.

On habeas review as on direct review, Petitioner fails to provide any specific

information as to what witnesses could have been located or what may have been gained

from a continuance.  This Court finds that the Michigan Court of Appeals' decision was reasonable under the circumstances and was not arbitrary in any way, let alone so arbitrary as to constitute a deprivation of due process under the federal Constitution.

### D.  Alleged *Brady* Violation

Finally, Petitioner argued that the prosecution improperly suppressed evidence it had a duty to disclose becuase the prosecutor never subjected Petitioner's or the victim's clothing for testing.  Petitioner argues that, because the victim was menstruating at the time of the assault, her blood would have been found on his underwear if he had committed the assault.

To demonstrate a *Brady* violation, (1) "[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching;" (2) "that evidence must have been suppressed by the State, either willfully or inadvertently;" and (3) "prejudice must have ensued."  *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999).  "There is no Brady violation where a defendant knew or should have known the essential facts permitting him to take advantage of any exculpatory information, or where the evidence is available . . . from another source, because in such cases there is really nothing for the government to disclose." *Coe v. Bell*, 161 F.3d 320, 344 (6th Cir. 1998) (internal quotation marks omitted).  Moreover, the police simply "do not have a constitutional duty to perform any particular tests." *Arizona v. Youngblood*, 488 U.S. 51, 59 (1988).

The Michigan Court of Appeals found no *Brady* violation because Petitioner did not have a constitutional right to have the police subject the clothing to DNA testing. *Lockwood*, 2010 WL 376790 at *4-5.  In addition, the state court found no *Brady* violation because

14

Petitioner knew the police had confiscated his clothes and there was no evidence to show that Petitioner requested but was denied access to the clothes for testing. *Id.*

The Court finds the state court's assessment of this claim reasonable. Petitioner has not shown that the state withheld any evidence. He was aware of the existence of the clothing and has not shown he requested access to the clothes. In addition, because police were not constitutionally obligated to perform particular tests on the clothing, *Youngblood*, 488 U.S. at 59, Petitioner cannot show that he was denied a fair trial by the failure of police to subject the clothing to testing. Habeas relief is denied on this claim.

## V. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

15

## VI.  Conclusion

For the foregoing reasons, the petition for a writ of habeas corpus and a certificate of

appealability are **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

> **IT IS ORDERED**.

<div style="margin-left:2em">

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

</div>

Dated:  July 24, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on July
24, 2013, by electronic and/or ordinary mail.

<div style="margin-left:2em">

s/Johnetta M. Curry-Williams
Case Manager
Acting in the Absence of Carol A. Hemeyer

</div>